**FILED**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA   2009 DEC 18 PM 2: 39
ORLANDO DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

FAIR HOUSING CONTINUUM, INC.,

    Plaintiff,

vs.   Case No.: 6:09-cv-2138-19 DAB

MAGNOLIA KEY
DEVELOPMENT, INC.,

**DECLARATORY RELIEF REQUESTED AND JURY TRIAL DEMANDED**

    Defendants.

## COMPLAINT

COMES NOW the plaintiff, Fair Housing Continuum, Inc. and for its complaint against the defendant, Magnolia Key Development, Inc., states and alleges as follows:

### PARTIES

1. Fair Housing Continuum, Inc. ("FHC") Is a private fair housing, Florida not-for-profit, 501(c)3 corporation established in 1995. FHC provides information about and seeks to enforce fair housing laws for the people of Brevard, Indian River, Seminole, Osceola, Orange, and Volusia counties who have been denied housing of their choice. FHC accomplishes these goals through a five-tier system consisting of:

    a. Providing training to comply with the requirements of federal programs to "Affirmatively Further Fair Housing."

    b. Assessing business practices to ensure compliance with federal, state, and local fair housing laws.

    c. Analyzing and developing strategies to overcome fair housing impediments.

    d. Processing and assisting in fair housing complaint resolution.

    e. Enforcing fair housing laws through administrative complaints and litigation.

FHC's programs are designed to ensure that people are offered the right to select housing of their choice without discrimination based on race, color, religion, national origin, sex, disability, marital or familial status, or such other protected classes as may be conferred by federal, state, or local laws. FHC diverts significant resources in Brevard, Indian River, Seminole, Osceola, Orange, and Volusia counties in its ongoing effort to prevent and eliminate housing discrimination.

    2. Magnolia Key Development, Inc. ("Magnolia Key") is a Florida corporation with its principal place of business in Brevard County, Florida.

### JURISDICTION AND VENUE

    3. This Court has original jurisdiction over the subject matter of FHC's causes of action, pursuant to 28 U.S.C. § 1331, because they arise under the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq. (the "Federal FHA"). Additionally, the Court has supplemental jurisdiction over FHC's state-law claims pursuant to 28 U.S.C. § 1367.

    4. The events giving rise to the claims alleged in this Complaint arose in Brevard County, Florida which is within the confines of the Orlando Division of the Middle District of Florida. 28 U.S.C. § 89(b). Venue in this Court is therefore proper pursuant to 28 U.S.C. § 1441(a).

    5. All conditions precedent to the bringing of this action by FHC have occurred, or their performance has been waived by Magnolia Key.

**Law Offices of Matthew W. Dietz, P.L., 2990 Southwest 35th Avenue, Miami, FL 33133**

### GENERAL ALLEGATIONS

6.   At all times material hereto, Magnolia Key was the developer and constructor of Magnolia Key Condominiums which consists of 3 buildings consisting of 36 multi-family dwellings (hereinafter the "Condos").

7.   The Condos were intended for first occupancy after March 13, 1991.

8.   At all times material hereto, FHC diverted its resources to counteract discrimination by employing testers to determine whether the Condos met the accessibility requirements of the Federal FHA and Florida Fair Housing Act, Fla. Stat. § 760.20, et seq. (the "Florida FHA") so as to allow mobility-impaired individuals equal access to the Condos and their associated common areas (the Federal FHA and Florida FHA shall sometimes be collectively referred to hereinafter as the "FHA").

9.   In particular, FHC employed two (2) testers which visited the Condos on 3/11/2009 and 3/22/2009.

10.   Accordingly, FHC has organizational standing to bring the claims set forth herein.

11.   During their visits, the FHC testers determined that the Condos did not meet the accessibility requirements of the FHA for the following reasons:

   a. The Condos lack fully compliant handicapped parking in any of the three parking lots;

   b. All units have thumb latch mechanisms on the exterior side of the primary entrance door;

    c. The sliding glass door track from the Master Bedroom to the balcony has a 3" high metal track;

    d. The sliding glass door from the Master Bedroom to the balcony has a clear opening of only 28 ½";

    e. The pocket doors for the two walk-in closets have clear openings of only 31" with the doors fully recessed into the wall pocket; and

    f. The pocket doors for the two walk-in closets do not have useable hardware.

12. Each of the Condos is a "covered multifamily dwelling" within the meaning of the FHA, 42 U.S.C. § 3604(f)(7)(A). As a result, the Condos and the public and common use areas of the Condos are subject to the design and construction requirements of the FHA, 42 U.S.C. § 3604(f)(3)(C).

13. Particularly, the Condos are required to be designed and constructed in accordance with the standards for accessibility and usability for handicapped people, to wit:

> All covered multifamily dwellings for first occupancy after March 13, 1991 with a building entrance on an accessible route shall be designed and constructed in such a manner that:
>
> (1) The public and common use areas are readily accessible to and usable by handicapped persons;
>
> (2) All the doors designed to allow passage into and within all premises are sufficiently wide to allow passage by handicapped persons in wheelchairs; and
>
> (3) All premises within covered multifamily dwelling units contain...features of adaptable design.

24 C.F.R. § 100.205(c). The Fair Housing Manual defines an accessible route as a "continuous and unobstructed path connecting elements and spaces in a building or within a site that can be

negotiated by a person with a severe disability in a wheelchair, and that is also safe for and usable by people with other disabilities."

14. Magnolia Key has admitted that its parking spaces, exterior door latches, sliding glass doors, and walk-in closet pocket doors and hardware are non-compliant with the accessibility requirements of the FHA.

15. Moreover, the architect for Magnolia Key attended a full day of training regarding accessibility in new construction in April of 2008.

16. On April 20, 2009, FHC filed a formal charge against Magnolia Key with the Florida Commission on Human Relations (the "Commission") and United States Department of Housing and Urban Development ("HUD").

17. After a thorough investigation, a Notice of Determination of Cause was issued by the Commission and HUD finding that there was reasonable cause to believe that a discriminatory housing practice in violation of the FHA had been committed by Magnolia Key. A copy of the Commission and HUD's Determination is attached hereto as **Exhibit A** and incorporated herein by reference.

18. As a result of the aforementioned actions, Magnolia Key has injured FHC by (a) interfering with the efforts and programs of FHC which were intended to bring about equality of opportunity to handicapped persons and others in housing; (b) forcing FHC to devote its scarce resources to identify, counteract, and remedy Magnolia Key's unlawful housing design and construction; and (c) interfering with the rights of FHC constituents in Brevard, Indian River, Seminole, Osceola, Orange, and Volusia counties, particularly interfering with their right to

enjoy the benefits of living in an integrated and accessible community and thereby frustrating FHC's mission and purpose.

19. Moreover, as a result of Magnolia Key's non-compliance, many of the subject Condos will never be accessible pursuant to the FHA, resulting in either permanent or continuing harm in the future.

20. FHC has employed its undersigned attorneys and has agreed to pay them a reasonable fee for their services herein.

## COUNT I – VIOLATION OF 42 U.S.C. § 3604(f)(3)(C) AND FLA. STAT. § 760.23(10) AGAINST MAGNOLIA KEY

21. FHC hereby reasserts by reference in this Count I the allegations of Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. As a result of the aforementioned conduct, Magnolia Key has failed to design and construct the subject Condos so that: (a) the public use and common use portions are readily accessible to and usable by individuals with disabilities; (b) all doors within the ground floor units are sufficiently wide to allow passage by persons with disabilities who use wheelchairs; and (c) they contain features of adaptive design.

23. The acts and omissions of Magnolia Key, as set forth herein, are unlawful and constitute violations of the FHA.

24. Magnolia Key's conduct violates the FHA insofar as they have failed to design and construct dwellings in compliance with the accessibility and adaptability features mandated by 42 U.S.C. § 3604(f)(3)(C).

WHEREFORE, Plaintiff Fair Housing Continuum, Inc. requests the following relief: (a) judgment in FHC's favor against Magnolia Key for an award of appropriate compensatory and punitive damages; (b) that the Court declare that the actions of the Defendants violated the FHA; (c) that the Court award FHC its attorneys' fees and costs, and reserve ruling as to the amounts until the conclusion of the trial on this matter; (e) that a jury be empanelled to hear this cause; and (f) for such other and further relief as this Court deems proper.

Respectfully submitted this 11th day of December, 2009.

| | |
|---|---|
| LAW OFFICES OF MATTHEW W. DIETZ, P.L.<br>2990 Southwest 35th Avenue<br>Miami, Florida 33133<br>Telephone (305) 669-2822<br>Facsimile (305) 442-4181<br>Matthewdietz@usdisabilitylaw.com<br><br>BY: _____<br>Matthew W. Dietz<br>Florida Bar No. 0084905 | Aaron C. Bates<br>Florida Bar No. 011749<br>BATES MOKWA, PLLC<br>126 East Jefferson Street<br>Orlando, Florida 32801<br>Telephone: (407) 893-3776<br>Facsimile: (407) 893-3779<br>abates@batesmokwa.com |

# EXHIBIT A





# State of Florida
## Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*

**Charlie Crist**
*Governor*

2009 Apalachee Parkway • Suite 200 • Tallahassee, Florida 32301-4857

(850) 488-7082
Web Site http://fchr.state.fl.us

**Dr. Donna Elam**
*Chair*

**Derick Daniel**
*Executive Director*

CR# 91 7108 2133 3935 8300 5375

FCHR No.: 2009H0216
HUD No.: 04-09-0982-8

**FAIR HOUS. CONTINUUM, INC.**
c/o C.J. Miles, Deputy Director
4706 N. U.S. Hwy. 1, Suite 203
Melbourne, FL 32935

COMPLAINANT

**MAGNOLIA KEY DEV., INC.**
c/o John Kancillia, Registered Agent
1800 West Hibiscus Blvd., Suite 138
Melbourne, FL 32901

RESPONDENT

### NOTICE OF DETERMINATION (CAUSE)

PLEASE TAKE NOTICE that the Florida Commission on Human Relations has completed its investigation of this complaint and finds that there is reasonable cause to believe that a discriminatory housing practice has occurred. You need to be aware of the following statutory provisions, remedies, and choices of forum:

1. .The complainant may request the Attorney General bring a court action in the name of the state on their behalf to enforce the provisions of the Fair Housing Act. A blank Election of Rights Form for Housing Discrimination Complaints has been provided to the complainant along with this notice. The complainant may choose this option by marking box number one on the form and returning it to the Commission.

2. The complainant may request that the Commission petition for an administrative hearing in the name of the state on their behalf to enforce the provisions of the Fair Housing Act. A blank Election of Rights Form for Housing Discrimination Complaints has been provided to the complainant along with this notice. The complainant may choose this option by marking box number two on the form and returning it to the Commission.

3. The complainant may begin a civil action in court no later than 2 years after the alleged discriminatory housing practice occurred. If filing in federal court under federal law, the computation of this 2-year period *excludes* any time during which the matter is pending for

---

**COMMISSIONERS**

| Gilbert M. Singer, Vice Chair | Gayle Cannon | Billy Whitefox Stall | Anice R. Prosser |
| *Tampa* | *Lake City* | *Panama City* | *Tallahassee* |
| Patty Ball Thomas | Onelia A. Fajardo | Mario Valle | Elena Flom |
| *Tallahassee* | *Miami* | *Naples* | *Cocoa Beach* |
| Watson Haynes | | | Lizzette Gamero |
| *St. Petersburg* | | | *West Palm Beach* |

administrative relief with respect to a complaint or charge, based on the alleged discriminatory housing practice. However, this 2-year time period *includes* the time during which an action arising from a breach of a conciliation agreement is pending.

4.   It is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of any rights granted by the Florida Fair Housing Act. Retaliation against any person for making a complaint, testifying, assisting, or participating in an investigation or conciliation under Florida's Fair Housing Act is a discriminatory housing practice that is prohibited.

FOR THE FLORIDA COMMISSION ON HUMAN RELATIONS:

_____   DATED: 7/17/2009
Derick Daniel
Executive Director

CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that a copy of the foregoing NOTICE OF DETERMINATION (CAUSE) was filed at Tallahassee, Florida and served upon the above-named addresses this 17th day of July, 2009, by U.S. Mail.

By: _____ /AM
     Clerk of the Commission

DD/cmc

2

Case 6:09-cv-02138-PCF-GJK Document 1 Filed 12/18/09 Page 11 of 15




## *State of Florida*
## Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*

**Charlie Crist**
*Governor*

2009 Apalachee Parkway • Suite 200 • Tallahassee, Florida 32301-4857

(850) 488-7082
Web Site http://fchr.state.fl.us

**Dr. Donna Elam**
*Chair*

**Derick Daniel**
*Executive Director*

CR# 91 7108 2133 3935 8300 5375

FCHR No.: 2009H0216
HUD No.: 04-09-0982-8

**FAIR HOUS. CONTINUUM, INC.**
c/o C.J. Miles, Deputy Director
4706 N. U.S. Hwy. 1, Suite 203
Melbourne, FL 32935

COMPLAINANT

**MAGNOLIA KEY DEV., INC.**
c/o John Kancillia, Registered Agent
1800 West Hibiscus Blvd., Suite 138
Melbourne, FL 32901

RESPONDENT

### LEGAL CONCURRENCE: CAUSE

On April 23, 2009, the FAIR HOUSING CONTINUUM, INC., Complainant, filed a complaint with the United States Department of Housing and Urban Development (hereinafter referred to as "HUD") alleging that Respondent, MAGNOLIA KEY DEVELOPMENT, INC., committed a discriminatory act on the basis of disability in violation of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, and the Florida Fair Housing Act. An investigation of the complaint was conducted and revealed the following:

1. Complainant is a fair housing organization that represents the public, including those with disabilities and other protected classes as defined in the Fair Housing Act. Because Complainant has diverted its resources to counteracting discrimination by conducting testing, this is sufficient to establish it has organizational standing. *Cent. Ala. Fair Hous. Ctr., Inc. v. Lowder Realty Co., Inc.*, 236 F.3d 629, 639-643 (11th Cir. 2001).

2. Respondent, a Florida, for-profit corporation with the power to sue and be sued, is the owner of Magnolia Key Condominiums.

3. Pursuant to section 760.23(10), *Florida Statutes*, covered multi-family dwellings intended for first occupancy after March 13, 1991, are required to be designed and constructed in accordance with the standards for accessibility and usability for handicapped people. The investigation revealed that Magnolia Key Condominiums is a covered multifamily dwelling and

---

**COMMISSIONERS**

| Gilbert M. Singer, Vice Chair | Gayle Cannon | Billy Whitefox Stall | Anice R. Prosser |
| *Tampa* | *Lake City* | *Panama City* | *Tallahassee* |
| Patty Ball Thomas | Onelia A. Fajardo | Mario Valle | Elena Flom |
| *Tallahassee* | *Miami* | *Naples* | *Cocoa Beach* |
| Watson Haynes | | | Lizzette Gamero |
| *St. Petersburg* | | | *West Palm Beach* |

certificates for occupancy were issued in 2006. Since certificates for occupancy were issued after 1991, the building must comply with the Fair Housing Act's accessibility standards.

4. Complainant alleged that the height of thresholds to balconies, door openings, hardware on exterior entrances, and parking were not in compliance with accessibility requirements.

## ANALYSIS

5. "All covered multifamily dwellings for first occupancy after March 13, 1991 with a building entrance on an accessible route shall be designed and constructed in such a manner that-
   (1) The public and common use areas are readily accessible to and usable by handicapped persons;
   (2) All the doors designed to allow passage into and within all premises are sufficiently wide to allow passage by handicapped persons in wheelchairs; and
   (3) All premises within covered multifamily dwelling units contain...features of adaptable design..." 24 C.F.R. § 100.205(c) (2008).

The Fair Housing Manual defines an accessible route as a "continuous and unobstructed path connecting elements and spaces in a building or within a site that can be negotiated by a person with a severe disability in a wheelchair, and that is also safe for and usable by people with other disabilities." Respondent acknowledged that its parking spaces, exterior door latches, sliding glass doors, and walk-in closet pocket doors and hardware were non-compliant.

6. A determination of compliance or noncompliance by a state or local governmental agency is not conclusive in enforcement proceedings brought under the Fair Housing Act. 24 C.F.R. § 100.205 (h) (2008).

7. The "design and construct" language should be read broadly. *Baltimore Neighborhoods, Inc. v. Rommel Builders Inc.*, 3 F.Supp.2d 661, 665 (D. Md. 1998). "When a group of entities enters into the design and construction of a covered dwelling, all participants in *the process as a whole* are bound to follow the [Fair Housing Act];" including the developer or owner, architect, and contractor. *Id.* (emphasis in original). All participants are not "jointly and severally liable for the wrongful actions of others regardless of their participation in the wrongdoing, but rather, those who are wrongful participants are subject to liability for violating the [Fair Housing Act]." *Id.*

## CONCLUSION

Based on the foregoing, it is my legal concurrence that there is reasonable cause to believe that Respondent committed a violation of section 760.23(10), *Florida Statutes*, and 42 U.S.C. § 3604(f)(3)(C) based upon handicap.

_____          DATED: July _13_, 2009
Cheyanne M. Costilla
Staff Attorney

2

June 4, 2009

<u>DETERMINATION</u>

CASE NAME:   Fair Housing Continuum, Inc. v. Magnolia Key Development, Inc.

CASE NUMBER:   04-09-0982-8

FCHR NUMBER:   2009H0216

I.   JURISDICTION

A complaint was filed with HUD on April 23, 2009, alleging that Complainant(s) was injured by a discriminatory act. It is alleged that Respondent(s) was responsible for: non-compliance with design and construction requirements (handicap). It is alleged that Respondent(s)'s acts were based on handicap. The most recent act is alleged to have occurred on March 22, 2009. The violation occurred at Indialantic, FL. If proven, the allegation(s) would constitute a violation of Section 804f3C of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988.

Respondent(s) receive no federal funding.

II.   COMPLAINANT ALLEGATIONS

Complainant, (Fair Housing Continuum, Inc. (FHC)), is a non-profit corporation in good standing, and is organized and incorporated under the Florida law. The FHC's purpose is to promote the equal availability of housing to all persons without regard to race, color, religion, gender, national origin, familial status, or disability, and to take all appropriate action in the furtherance of this goal. The FHC engages in activities to identify barriers to fair housing in Florida, to help counteract and eliminate any such discriminatory housing practices. The Fair Housing Continuum, Inc. tested Magnolia Key Development, Inc. (a condominium complex) and identified many accessibility concerns. Some of the concerns were with the height of thresholds to the balconies, clear opening of doors, usable hardware on exterior of unit entrances, and accessible parking. Respondent does not meet the fair housing accessibility requirements to allow mobility impaired persons equal access to the dwelling units, as well as pubic and common areas in violation of the Fair Housing Act. The Complainant alleges that the actions of the Respondent interfered with and frustrated the ability of the FHC to foster and promote equal housing opportunities and to eliminate unlawful discriminatory housing practices, thereby causing the FHC to devote considerable resources to identify and counteract the unlawful actions of Respondent.

III. RESPONDENT DEFENSES

Respondent acknowledged non-compliance of the following: Handicap spaces, exterior doors latch, sliding glass door track, sliding glass door from master bedroom to balcony, walk in closet pocket doors and unusable hardware on walk-in closet doors. Respondent provided proposed remedies to fix the non-compliance.

IV. FINDINGS AND CONCLUSION

Elements of a case of Design and Construction:

1. Does Complainant belong to a protected class of persons whom the Fair Housing Acts protects from unlawful discrimination?

Yes. Complainant, the Fair Housing Advocacy Center, belongs to a class of protected persons whom the Fair Housing Act protects from unlawful discrimination based on handicap. The Fair Housing Continuum is an advocacy agency that educates the public of the fair housing laws. Although the Fair Housing Continuum did not show that they represented anyone that was specifically harmed as a result of the alleged design and construction non-compliance, the Fair Housing Continuum has organizational standing. Throughout, the Fair Housing Continuum demonstrated that it was injured where its financial resources were diverted from its counseling services to investigating the Respondents' alleged non-compliance. Therefore based on its organizational standing, Complainant, the Fair Housing Advocacy Center belongs to a protected class of persons whom the Fair Housing Acts protects from unlawful discrimination.

2. Did Respondents designed or construct a multifamily dwelling covered by the act, and design or construct a multifamily dwelling for the first occupancy after March 13, 1991?

Yes. Respondents designed or constructed multifamily dwellings covered by the act, and designed or constructed for the first occupancy after March 13, 1991. Magnolia Key Condominium referenced in this complaint is a residential condo facility with 3 buildings consisting of 36 multifamily residential units. According to the Brevard Property Appraiser's office, the condominiums were built for first occupancy in 2006. Based on this information, the evidence reveals that the buildings were designed and constructed for first occupancy after March 13, 1991.

3. Did Complainant attempt to obtain access to those dwellings and encounter areas of inaccessibility? Based on the Complainant's inability to obtain access to the dwelling, did Respondents fail to design or construct those dwellings in compliance with the Fair Housing Act?

Yes. On March 11, 2009 and March 22, 2009, Complainant conducted a test, in which they assessed whether the Magnolia Key

7/17/09   CR# 9171083 2133 6935 8000 5375

# Florida Commission on Human Relations

## ELECTION OF RIGHTS FORM FOR HOUSING DISCRIMINATION COMPLAINTS

CHARGING PARTY: Fair Housing Continuum, Inc.

RESPONDENT: Magnolia Key Dev., Inc.

FCHR No: 2009H0216   HUD No: 04-09-6982-8

**CHARGING PARTY** - Please complete the information below, checking only one:

*I have received the notice of determination issued by the Florida Commission on Human Relations in the above referenced case that there is reasonable cause to believe that a discriminatory housing practice has occurred in violation of the Fair Housing Act, Sections 760.20-760.37, Florida Statutes (F.S.).*

☐ 1. I elect to have the Attorney General bring a court action in the name of the state on my behalf to enforce the provisions of the Fair Housing Act. Complainant must make this election within 20 days after the receipt of the notice of determination. See Section 760.34(4), F.S. (2001) and Rule 60Y-7.001(8)(b)5.& 6., Florida Administrative Code (F.A.C.).

☐ 2. I elect to have the Commission file a petition with the Division of Administrative Hearings for an administrative hearing and seek relief on my behalf. Complainant must make this election within 30 days after the receipt of the notice of determination. See Section 760.35(3)(a), F.S. (2001) and Rule 60Y-7.001(8)(b)7., F.A.C.

☐ 3. I elect to file a petition for administrative relief within 30 days after receipt of the notice of determination, or judicial relief not later than 2 years after the alleged discriminatory practice, without governmental assistance. See Section 760.35(1) and (3)(b), F.S. (2001) and Rule 60Y-7.001(8)(b)8., F.A.C. Therefore, I am withdrawing my complaint from the Commission.

**PLEASE CHECK ONE OF THE ABOVE, SIGN AND DATE**

_____   _____
Complainant's Signature                                    Date

**RETURN TO:**

Florida Commission on Human Relations
2009 Apalachee Parkway, Suite 100
Tallahassee, Florida 32301
Telephone (850) 488-7082

FCHR-07B-02-05-2004